**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **SUPPLEMENT SPOT, LLC** | § | **Case No. 06-35903-H4-11** |
| | § | |
| **Debtor.** | § | |
| | § | |
| | § | |
| **BEN B. FLOYD, DISTRIBUTION TRUSTEE** | § | |
| | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **Adversary No. 10-03115** |
| | § | |
| **YOUNG AGAIN PRODUCTS, INC., THE LAW OFFICE OF MARGARET MAXWELL MCCLURE, AND MARGARET MAXWELL MCCLURE,** | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| **Defendants.** | § | |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S REQUEST
FOR PRELIMINARY INJUNCTION (D0C. 1)**

TO THE HONORABLE JEFF BOHM,
UNITED STATES BANKRUPTCY JUDGE:

DEFENDANTS, Young Again Products, Inc. ("YAP"), The Law Office of Margaret Maxwell McClure, and Margaret Maxwell McClure, hereby file this Opposition to Plaintiffs' Request for Preliminary Injunction (Doc. 1), and in support thereof, Defendants would respectfully show the Court the following:

## RELEVANT BACKGROUND

1. On March 26, 2009, the United States District Court for the District of Maryland entered a judgment in favor of YAP and against Marcella Ortega and John Acord in the amount of $3,832,832.40.

2. On June 14, 2009, the judgment was registered in the United States District Court for the Southern District of Texas under Miscellaneous Action No. 4:09-MC-00282.

3. On August 21, 2009, the United States District Court for the Southern District of Texas issued two Writs of Execution to the U.S. Marshal to take the goods, land, and choses-in-action of the Judgment Debtors Marcella Ortega and John Acord, respectively, enough to pay the Judgment of the Maryland Court. The U.S. Marshals levied execution on the Judgment Debtors' property on August 29, 2009.

4. Additionally, on November 25, 2009, after a two-day evidentiary hearing on YAP's motion brought under Tex. Bus. & Com. Code §24.008(b) (Texas Uniform Fraudulent Transfer Act), Judge Lee H. Rosenthal issued an Order allowing YAP to levy execution on additional assets fraudulently transferred from Marcella Ortega to her family members.

5. On March 8, 2010, Plaintiff, Ben B. Floyd, Distribution Trustee for the bankruptcy estate of Supplement Spot, L.L.C., initiated this adversary proceeding by filing his Complaint, Application for Temporary Restraining Order and Request for Preliminary Injunction (Doc. 1) against Defendants, Young Again Products, Inc., The Law Office of Margaret Maxwell McClure, and Margaret Maxwell McClure.

6. Plaintiff seeks a judgment pursuant to 11 U.S.C. § § 542 and 543 requiring Defendants to turn over the property lawfully seized by YAP in connection with Civil Action No. 09-MC-0282.

7. Plaintiff further requests a temporary restraining order and preliminary injunction which would (1) enjoin Defendants from disposing of the property in YAP's possession; (2) require an immediate sworn inventory of all property seized in connection with Civil Action No. 09-MC-0282; and (3) allow the Plaintiff to conduct an inspection of the property.

8. On March 9, 2010, this Court granted Plaintiff's *ex parte* application for temporary restraining order (Doc. 2). A hearing on whether a preliminary injunction should be issued will be conducted on March 19, 2010 before this Court.

9. Plaintiff contends the property in possession of YAP, seized pursuant to a lawful writ of execution and Order of Judge Lee H. Rosenthal, constitutes property of the bankruptcy estate of Supplement Spot, L.L.C. This contention is based on a consent judgment entered in Adversary No. 08-3302, styled *Ben B. Floyd, Chapter 11 Trustee v. Marcella Ortega, John Acord, Sean Ortega and Kenneth Acord.* (Doc. 43 in Adversary No. 08-3302). Under the settlement terms as set forth in the consent judgment (Doc. 43), the Trustee dismissed litigation claims against Insiders, disposed of estate property, and released the estate's rights to collect on its "$1,000,000 judgment" against Marcella Ortega and John Acord personally or against any of their current or future property, with the sole exception of particular items obtained by YAP under a writ of execution issued by the District Court in Civil Action No. 09-MC-0282 in satisfaction of YAP's civil judgment against Marcella Ortega and John Acord. The consent judgment effectively re-characterized the property in possession of YAP on mere stipulation of the parties and the Trustee's "belief" that the property constitutes property of the bankruptcy estate.

10. Because the Trustee failed to give proper notice (and an opportunity to object) to YAP and other creditors of the settlement and compromise in Adversary No. 08-3302, as required by Bankruptcy Rules 9019 and 6007, 11 U.S.C. § 554, and Sections 6.2.a.3, 7.6, 8.1 and 8.4 of the First Amended Plan of Reorganization, YAP timely filed the following exceptions to the consent judgment and re-characterization of property: (1) a Motion for Reconsideration of this Court's Approval of the Agreed Judgment and For New Trial in Adversary No. 08-3302;

(2) a Motion to Enforce the Terms of the First Amended Plan of Reorganization in the Main Bankruptcy Case, No. 06-35903-H4-11; and (3) Notice of Appeal in Adversary No. 08-3302.

11. The motions before this Court have yet to be heard.

## SUMMARY OF ARGUMENT

12. The Court should deny Plaintiff's Request for Preliminary Injunction (Doc. 1) because Plaintiff has not, and cannot, carry its heavy burden of proving each of the essential elements required for the issuance of a preliminary injunction. Specifically, Plaintiff cannot prove each of the following: (1) a substantial likelihood of success on the merits on its premature Complaint for turnover of property; (2) a substantial threat of irreparable injury if the injunction is not issued; (3) that the threatened injury outweighs any damage the order might cause to YAP; and (4) that the injunction will not disserve the public interest. *See Planned Parenthood of Houston and Southeast Texas v. Sanchez*, 403 F.3d 324, 329 (5th Cir. 2005).

## ARGUMENT & AUTHORITIES

### I. PLAINTIFF HAS NOT SATISFIED THE ESSENTIAL PREREQUISITES FOR OBTAINING A PRELIMINARY INJUNCTION.

13. Plaintiff cannot satisfy the essential prerequisites for obtaining preliminary injunctive relief. Among other things, Plaintiff cannot establish (1) a substantial likelihood of prevailing on the merits on its premature complaint for turnover of property, (2) substantial threat of irreparable injury if a preliminary injunction is not issued, (3) that the threatened injury outweighs any damage the order might cause to YAP; and (4) that a preliminary injunction will not disserve the public interest. *See Planned Parenthood of Houston and Southeast Texas v. Sanchez*, 403 F.3d 324, 329 (5th Cir. 2005).

14. Injunctive relief is an extraordinary remedy that requires the applicant to unequivocally show the need for its issuance. *See Valley v. Rapides Parish School Bd.,* 118 F.3d

1047, 1050 (5th Cir.1997). The movant has the burden of introducing sufficient evidence to justify the grant of a preliminary injunction or temporary restraining order. *See PCI Transp. Inc. v. Fort Worth & Western R.R. Co.,* 418 F.3d 535, 546 (5th Cir.2005). The party seeking relief must satisfy a cumulative burden of proving each of the four elements enumerated above before a temporary restraining order or preliminary injunction can be granted. *See Mississippi Power and Light Co. v. United Gas Pipe Line Co.,* 760 F.2d 618, 621 (5th Cir.1985).

**1. Plaintiff cannot establish a substantial likelihood of success on the merits on its premature complaint for turnover of property.**

15. Plaintiff's Complaint for Turnover of Property is based entirely on the consent judgment entered in Adversary No. 08-3302, wherein the Distribution Trustee settled its lawsuit against Marcella Ortega, John Acord, Sean Ortega and Kenneth Acord—Insiders of the Debtor, Supplement Spot, L.L.C.—for a hollow paper judgment of $1,000,000.00. The crux of that settlement—and the gravamen of the Complaint herein—was that the Distribution Trustee would seek only to satisfy the judgment from property seized by YAP in connection with Civil Action NO. 09-MC-0282. In a legal sleight-of-hand, the parties stipulated that the property in YAP's possession (held pursuant to a lawful writ of execution), constituted property of the bankruptcy estate of Supplement Spot, L.L.C. The "evidence" presented to support that provision consisted entirely of the Distribution Trustee's (proffered) testimony in which he stated his "belief" that the property in YAP's possession was, in fact, property of the bankruptcy estate. Defendants herein have taken issue with that consent judgment and its concomitant, unsupported re-characterization of property.

16. Nevertheless, in support of its Request for Preliminary Injunction and Application for Temporary Restraining Order, Plaintiff blithely asserts that "the merits of this action are not subject to genuine dispute." If by "not subject to genuine dispute," Plaintiff means "the merits of

this action are the subject of myriad, multifarious white-knuckled legal disputes," then Plaintiff's assertion may find purchase in the truth. Upon learning of the terms of the consent judgment entered Adversary No. 08-3302, YAP filed the following: (1) a Motion for Reconsideration of this Court's Approval of the Agreed Judgment and For New Trial in Adversary No. 08-3302; (2) a Motion to Enforce the Terms of the Agreed the Terms of the First Amended Plan of Reorganization in the Main Bankruptcy Case, No. 06-35903-H4-11; and (3) Notice of Appeal in Adversary No. 08-3302.

17. Among the bases for the above-listed filings were the following: (1) before the Court could approve the settlement in Adversary No. 08-3302, and before the parties could re-characterize the property in possession of YAP, the Distribution Trustee was required, pursuant to Federal Bankruptcy Rule 9019, to file a motion to compromise controversy and to provide notice to all creditors for an opportunity to be heard and to object—the Distribution Trustee failed to do so; (2) the settlement and compromise between the Trustee and YAP as set forth in Section 6.2.a.3 of the First Amended Plan of Reorganization ("the Plan") requires that all settlements of claims against Insiders shall be subject to this Court's approval pursuant to Bankruptcy Rule 9019—the Trustee failed to comply with Section 6.2.a.3 of the Plan; (3) Section 8.1 of the Plan requires compliance with the notice and hearing strictures of Rule 9019 before settling or dismissing any claims of the estate—the Trustee failed to comply with Section 8.1 of the Plan.

18. In essence, Plaintiff's Complaint for Turnover of Property is based on the unsupported contention that the subject property is "property of the estate," which in turn is based on a consent judgment rendered in contravention of the Plan, the Bankruptcy Code, and fundamental principles of due process. Until a determination of the issue of whether the property

in possession of YAP is, in fact, property of the estate, Plaintiff's Complaint for Turnover of Property cannot stand, and the TRO must be dissolved accordingly. The Trustee's consent judgment, which is in no way an adjudication on the merits, is not determinative of the issue. As stated by the Supreme Court of the United States:

> Perhaps the settlement was made for a different reason, for some exigency arising out of the bankruptcy proceeding. As the case reaches us, we are unable to tell whether the agreement of the parties was based on the merits or on some collateral consideration. . . . . But unless we can say that they were an adjudication of the merits, the doctrine of estoppel by judgment would serve an unjust cause: it would become a device by which a decision not shown to be on the merits would forever foreclose inquiry into the merits. . . . . A judgment entered with the consent of the parties may involve a determination of questions of fact and law by the court. But unless a showing is made that that was the case, the judgment has no greater dignity, so far as collateral estoppel is concerned, than any judgment entered only as a compromise of the parties.

*U.S. v. International Bldg. Co.,* 345 U.S. 502 (1953). This principle of law is particularly applicable in subsequent actions against non-parties. The way in which a consent judgment or consent decree resolves, between the parties, a dispute over a legal issue is not a ruling *on the merits* of the legal issue that either (1) becomes precedent applicable to any other proceedings under the law of *stare decisis* or (2) applies to others under the law of claim preclusion or issue preclusion. *See Martin v. Wilks,* 490 U.S. 755 (1989). Therefore, the consent judgment entered in Adversary No. 08-3302 is in no way binding on Defendants (non-parties to that action), and therefore cannot be used as the sole basis for this turnover action.

19. In light of the above, Plaintiff's Complaint is decidedly premature, and as such, the ability of this Court to maintain subject matter jurisdiction over this action is doubtful at this point. "Whenever a trustee brings a turnover action, he must establish, as part of his invocation of the court's summary jurisdiction, that the property he seeks to recover in the turnover action is 'property of the bankruptcy estate' (property that will be available for distribution by the

trustee)." *In re Gallucci*, 931 F.2d 738, 742 (11th Cir. 1991) (citation omitted). If the action does not involve property of the estate, then not only is it a noncore proceeding, it is an unrelated matter completely beyond the bankruptcy court's subject-matter jurisdiction. *Id.* Other than referencing the consent judgment entered in Adversary No. 08-3302, Plaintiff has provided no competent evidence that the property it seeks to recover is, in fact, "property of the estate."

20. Moreover, because the Plaintiff's claim of ownership of the seized property is disputed and has not been adjudicated on the merits, the entire complaint on which the TRO is based must be dismissed as a matter of law. Turnover proceedings under section 542 may not to be used to liquidate disputed claims. *In re Charter Co.,* 913 F.2d 1575, 1579 (11th Cir.1990). Congress intended 11 U.S.C. § 542 to apply to claims for "tangible property and money due to the debtor without dispute which are fully matured and payable on demand." *Id.* (citing *United States v. Whiting Pools, Inc.,* 462 U.S. 198 (1983)). "Congress intended to ease reorganization by allowing the debtor to obtain funds immediately necessary for survival -- not all funds, only those not in dispute." *Id.* (citing *In re Chick Smith Ford,* 46 B.R. 515, 518 (Bankr.M.D.Fla.1985); *In re Archer,* 34 B.R. 28 (Bankr.N.D.Tex.1983)). "Unless and until Debtor's claims against the defendants are liquidated in a court of competent jurisdiction or by agreement, they cannot be enforced here through a turnover order." Trefny v. Bear Stearns Securities Corp. 243 B.R. 300, 320 (S.D.Tex.,1999), quoting *In re Satelco, Inc.,* 58 B.R. 781, 786 (Bankr.N.D.Tex.1986).

21. Here, not only is Plaintiff unable to genuinely assert that this turnover proceeding involves property which is indisputably "property of the estate," but in fact, Plaintiff has acknowledged that its claim to the seized property will be a contested matter. In the Settlement Hearing in Adversary No. 08-3302, Plaintiff's counsel, David Jones, made it clear to this court

that Plaintiff's rights in the seized property is based only on theory and belief, and that it will be contested by others. As stated by Mr. Jones himself:

> And so judge, the *theory* is, as the Trustee has always *believed*, that this property is actually property of the estate and that good title never passed to Mr. Acord and Ms. Ortega . . . . I am sure that will be *contested*. . . . . but we are trying to bring what we *believe* is an estate asset back into this case . . . . I'm sure that will make some folks very unhappy.

*See* Settlement Hearing Transcript, at pp. 25-26, which is attached hereto and incorporated herein as **Exhibit A**. Consequently, for the above reasons, Plaintiff has not, and cannot, establish a "substantial likelihood of prevailing on the merits" on its Complaint for Turnover. On this basis alone, Plaintiff's request for a preliminary injunction should be denied.

**2. Plaintiff will suffer no threat of irreparable injury if a preliminary injunction is not issued.**

22. Plaintiff conceded during the Settlement Hearing of Adversary No. 08-3302 that he has been tracking the proceedings before Judge Rosenthal in Civil Action No. 09-MC-0282, styled *Young Again Products, Inc. v. John Acord, et al. See* Settlement Hearing Transcript, attached as Ex. B, at p. 18. Further, shortly after the U.S. Marshal's seized the property of Ms. Ortega and Mr. Acord on August 29, 2009, YAP's counsel discussed the matter with Plaintiff's counsel, Randy Rios, and Mr. Rios was also involved in communications concerning the status/ownership of additional property subject to seizure in Fort Worth, Texas. Accordingly, Plaintiff has been on notice for the past six months of YAP's post-judgment enforcement efforts in the District Court, yet took no action whatsoever to intervene in Case No. 09-MC-0282 or otherwise seek injunctive relief. Despite Plaintiff's apathy toward YAP's post-judgment enforcement actions over the last six months, Plaintiff has suffered no irreparable injury. The personal property lawfully seized by YAP has been in storage since the time of its seizure, and

will not be sold until properly noticed for sale in accordance with the Texas Rules. As such, Plaintiff has absolutely no basis on which to claim the threat of irreparable injury now.

**3. While the threatened injury to Plaintiff is non-existent, the damage that the requested injunction might cause to YAP is substantial.**

23. The Defendants have spent considerable funds to securely store the property, hiring professionals to carefully package, seal, and store each item and obtaining property and casualty insurance to cover the property. If YAP is required pursuant to a preliminary injunction to allow Plaintiff to disturb the carefully packaged and secured property for a physical inspection, then Defendants may be responsible for any damage to the property arising from the Plaintiff's inspection, and YAP's insurance does not cover damage caused by a physical inspection of the property.

24. Additionally, the property's location has been kept undisclosed for the very real concern that disclosure would ultimately reach the judgment debtors Marcella Ortega and John Acord and those acting in concert with them, and given the past conduct of these parties, there is legitimate concern that the judgment debtors, or those acting in concert with them, may engage in self-help to recover the property which they allege was "stolen" from them. Accordingly, requiring the Defendants to disclose the location of the property will expose YAP to a substantially risk of harm to its property.

**4. Issuance of a preliminary injunction will disserve the public interest.**

25. As shown above, the sole basis for Plaintiff's request for turnover of property is the consent judgment entered in Adversary No. 08-3302. That judgment was rendered in contravention of the Plan and the Bankruptcy Code. No motion to compromise was filed pursuant to Rule 9019; no notice of the proposed settlement or the disclaimer of assets was issued to the creditors; no opportunity was provided for the creditors to object; and no hearing on

either a 9019 motion or a decision to abandon property of the estate was held before this Court. In essence, due process was averted. And there is no greater public interest than due process of the law. To allow a temporary restraining order (itself procedurally infirm) to stand, based on a consent judgment rendered in contravention of basic principles of due process, would irrefutably disserve the public interest. Plaintiff's Request for Preliminary Injunction should be denied.

26. Moreover, Plaintiff's Request for Preliminary Injunction (and Application for Temporary Restraining Order) and the affidavit in support thereof fail to set forth specific facts establishing a substantial threat that Plaintiff will suffer irreparable injury, or that the balancing of interests favors Plaintiff. Other than conclusory allegations that, absent a preliminary injunction, Plaintiff will have no "effective remedy," Plaintiff has made no adequate showing of immediate irreparable harm, or that the balancing of interests favors Plaintiff over Defendants. *See Plaintiff's Request for Preliminary Injunction and affidavit in support* on file herein with the Court at (Doc. 1).

27. Because Plaintiff cannot establish any of the four criteria necessary for the issuance of a preliminary injunction, this Court should deny Plaintiff's Request for Preliminary Injunction.

WHEREFORE, Defendants, Young Again Products, Inc., The Law Office of Margaret Maxwell McClure, and Margaret Maxwell McClure, respectfully request that the Court enter an order denying Plaintiff's Request for Preliminary Injunction, and grant Defendants such other and further relief, at law or in equity, to which Defendants show themselves to be justly entitled.

Respectfully submitted,

**DYLEWSKI & ASSOCIATES, P.C.**

By: /s/ Dennis M. Dylewski

DENNIS M. DYLEWSKI
State Bar No. 06325750
Federal Id. No. 493
550 Westcott, Suite 220
Houston, Texas 77007
Telephone: (713) 751-0077
Facsimile: (713) 751-0080
Email: dmdylewski@sbcglobal.net

**COUNSEL FOR DEFENDANTS**

**OF COUNSEL:**

DYLEWSKI & ASSOCIATES, P.C.
550 Westcott, Suite 220
Houston, Texas 77007
Telephone: (713) 751-0077
Facsimile: (713) 751-0080

**CERTIFICATE OF SERVICE**

I, Dennis M. Dylewski, hereby certify that a true and correct copy of the foregoing instrument has been served upon all interested parties electronically or by first class mail, certified mail, return receipt requested, email, or by telecopy on this the 18th day of March, 2010.

/s/ Dennis M. Dylewski
Dennis M. Dylewski

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **SUPPLEMENT SPOT, LLC** | § | **Case No. 06-35903-H4-11** |
| | § | |
| **Debtor.** | § | |
| | § | |
| | § | |
| **BEN B. FLOYD,** | § | |
| **DISTRIBUTION TRUSTEE** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **Adversary No. 10-03115** |
| | § | |
| **YOUNG AGAIN PRODUCTS, INC.,** | § | |
| **THE LAW OFFICE OF MARGARET** | § | |
| **MAXWELL MCCLURE, AND** | § | |
| **MARGARET MAXWELL MCCLURE,** | § | |
| | § | |
| **Defendants.** | § | |

**ORDER**

ON THIS DAY, the Court considered Plaintiff's Request for Preliminary Injunction ("the Request") (Doc. 1). After considering the Request, Defendants' Opposition thereto, the pleadings on file, and the arguments of counsel, the Court is of the opinion that the Request should be DENIED; it is therefore

ORDERED that Plaintiff, Ben B. Floyd, Distribution Trustee's Request for Preliminary Injunction is hereby DENIED in its entirety.

SIGNED on this the__________day of March, 2010.

______________________________
The Honorable Jeff Bohm
United States Bankruptcy Judge